UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-03885-SEB-DML |
| ) | |
| MARION COUNTY JAIL Jail of Marion County, ) | |
| JOHN LAYTON Sheriff, ) | |
| CORRECT CARE SERVICES STAFF AT ) | |
| MARION COUNTY JAIL Jail Medical Personnel, ) | |
| JAIL CORRECTIONAL OFFICERS (TO BE ) | |
| NAMED AT A LATER DATE) Sheriffs' ) | |
| Deputies, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated while he was incarcerated at the Marion County Jail.  He names as defendants the Marion County Jail, Sheriff John Layton, unnamed Correctional Care Services Staff, and unnamed correctional officers.  He alleges that he requested medical treatment for a fracture or abscess in his left mandible on February 2, 2016, and was told to fill out a medical request, which he did on that date.  However, he alleges that he was not seen by medical staff for twenty-two days.  The dentist ordered x-rays that confirmed a fracture or abscess in his left mandible.  Due to the delay in treatment, it had become infected and caused the plaintiff excruciating pain.  Eventually, the plaintiff underwent surgery at Eskinazi Hospital.  He seeks monetary damages from the defendants for his pain and suffering.

Although the plaintiff's allegations could potentially state a viable Eighth Amendment medical care claim, he has not brought this action against an appropriate defendant.  First, the Marion County Jail is not a suable entity under § 1983 and therefore is **dismissed** as a defendant in this action.

Second, "[f]or constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct."  *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted).  Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation."  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional

deprivation.'") (citation and quotation marks omitted). The plaintiff has not alleged that Sheriff Layton was personally involved in the allegedly deficient medical care. The plaintiff's claims against him must therefore be **dismissed**.

Third, although it is almost certain that some individual medical staff and correctional officers were personally involved in the plaintiff's medical care or lack thereof, he has not named any specific medical staff or correctional officers as defendants. The Seventh Circuit has held that "it is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

## II.

This action cannot proceed only against unnamed or anonymous defendants. Accordingly, the plaintiff shall have **through December 22, 2017**, in which to file an Amended Complaint that specifically names the medical staff or correctional officers who were personally responsible for the alleged constitutionally deficient medical care. If the plaintiff is unable to do so, he must inform the Court of this by the above date and the Court will serve Sheriff Layton for the limited purpose of permitting the plaintiff to conduct discovery in order to identify the proper defendants in this action.

If the plaintiff fails to do either of these things by the above deadline, this action will be dismissed for failure to state a claim for which relief can be granted for the reasons set forth above.

**IT IS SO ORDERED.**

Date:   12/11/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID SCOTT
264113
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only